favorable language they could find in the trust instrument. In any event, it is too fundamental to require citation that they must stand or fall here on the issues as presented below. They cannot now invoke what might have been.

■ The closest approach to compensation in the cited language of the trust instrument is that the "trustees shall be *reimbursed* out of the Fund for all reasonable and necessary *expenses* [emphasis added] which may occur in the performance of their duties". In our view, and we have been cited no authority to the contrary, reimbursement for necessary expenses, especially in the construction of a statutory trust such as we have here, cannot be held to mean or include compensation for services rendered.

We therefore conclude that the District Judge was right when he found that absence of authorization in the trust instrument was dispositive of the case, and there was no legal basis upon which he could have appointed an impartial umpire.

Affirmed.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Harold B. Shore, Herman M. Levy, Attys., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, N.L.R.B., Washington, D. C., for petitioner.

Emil Corenbleth, Dallas, Tex., for respondent.

Ruth Weyand, Irving Abramson, Washing, D. C., Leonard Greenwald, New York City, for Intervenor International Union of Elec., Radio & Mach. Workers.

**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DAL–TEX OPTICAL COMPANY, Inc., Respondent.**

No. 23826.

United States Court of Appeals Fifth Circuit.

June 8, 1967.

Before BELL, GODBOLD, and DYER, Circuit Judges.

PER CURIAM:

The question presented in this matter is whether there is substantial evidence on the record considered as a whole to support the findings and conclusions of the Board. We hold that the evidence warrants the findings that respondent violated Section 8(a) (1) of the Act, 29 U.S.C.A. Section 158(a) (1), through interrogation of an employee concerning union activity, surveillance of a union meeting, instituting changes in working

conditions, and threats of reprisal against employees because of union activity. The evidence is also ample to support the findings that the discharges of employees Smith, Hicks, Cross, Darland, Kleinberg and Fuentes were motivated by antiunion purposes and were thus in violation of Section 8(a) (3) and (1) of the Act. 29 U.S.C.A. Section 158(a) (1), (3).

The order of the Board is thus due to be, and it will be

Enforced.

**Robert L. McMILLAN, Appellant,**

v.

**J. J. PARKER, Warden, U. S. Penitentiary, Lewisburg, Pa., Chairman, U. S. Board of Parole, Washington, D. C., and Mr. Faulkner, U. S. Probation Officer, Baltimore, Md.**

No. 16046.

United States Court of Appeals Third Circuit.

Submitted May 23, 1967.

Decided June 6, 1967.

Robert L. McMillan, pro se.

Harry A. Nagle, Lewisburg, Pa., Bernard J. Brown, U. S. Atty., for appellees.

Before STALEY, Chief Judge, and KALODNER and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

This is an appeal from a denial of appellant's petition for a writ of habeas corpus. Appellant was convicted of bank robbery and sentenced for a period of fifteen years on April 24, 1953. He was released on parole on March 31, 1962. He was free on parole for more than three and one-half years before he was arrested and recommitted for a parole violation. He maintains that he may not be detained beyond the original expiration date of his sentence;[1] he contends that he must be given credit for the time he was on parole.

The district court properly concluded that the parole statute, 18 U.S.C. § 4205, prohibits the diminution of the time remaining to be served by the time the prisoner was on parole and that his constitutional claim was without merit.[2] See Smith v. Blackwell, 367 F.2d 539 (C.A.5, 1966); Weathers v. Willingham, 356 F.2d 421 (C.A.10, 1966).

The judgment of the district court will be affirmed.

---

1. There would appear to be a question of prematurity involved here, but the parties have not discussed it. The simplicity of the substantive issues renders unnecessary our consideration of that problem.

2. The district court's opinion has been published, 254 F.Supp. 365 (M.D.Pa., 1966).